IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SEAN C. DALE,

                      **Plaintiff,**

    v.                                                    CASE NO. 19-3240-SAC

MARY FLETCHER, et al.,

                      **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court for screening under 28 U.S.C. § 1915(e)(2), on Defendants' Motion to Dismiss (ECF No. 9), Plaintiff's Motion to Amend Complaint (ECF No. 18), and Defendants' Motion for Extension of Time to File Response as to Motion to Amend Complaint (ECF No. 20). As the Court finds the case should be remanded to state court for lack of jurisdiction, all pending motions are denied as moot.

### I. Procedural Background

This case was removed from state court on the basis that the claims arise under federal law. Soon after removal, Defendants filed a Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim (ECF No. 9). Plaintiff filed a Response to that motion (ECF No. 11) wherein he raised the issue of remand, Defendants filed a Reply (ECF No. 12), and Plaintiff filed another Response (ECF No. 13).

### II. Complaint

Mr. Dale was an inmate at the Shawnee County Adult Detention Facility at the time he

filed his lawsuit in Kansas state court.  He makes the following allegations in his complaint:

1. Defendants knowingly and with intent to deceive, deprive, and misinform Plaintiff served meals certified kosher that did not meet the requirements for kosher food.

2. Defendants served leftovers to inmates and reduced serving sizes because of shortages of ingredients due to "foods purchased for the inmate population . . . leaving the facility for ill gotten gain."

3. Food was not prepared or served at the proper temperature and food safety policies and procedures were not being followed, posing a health risk to the inmates.

4. Defendant Fletcher "makes racial comments to white inmates referring to them as 'boy.'" This is not "professional behavior," and any inmate who complains is fired from their position in the kitchen.

5. Defendant Aramark practices price gouging in the commissary.

**III. Grounds for Removal**

If a civil action filed in state court satisfies the requirements for original federal jurisdiction (most commonly, federal question or diversity jurisdiction), the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court. 28 U.S.C. § 1441(a).  Here, Defendants invoked federal question jurisdiction.

A federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  There is a federal question if the case arises under the Constitution, laws, or treaties of the United States.  *See* 28 U.S.C. § 1331.  Whether a case arises under a federal law is determined by the "well pleaded complaint rule," *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9 (1983), specifically, when "a federal question is presented on the face of the plaintiff's

properly pleaded complaint," *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)(citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)).  This determination is made by examining the plaintiff's complaint, "unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. at 10 (citing *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914)).  In addition to the requirement that the federal question appear on the face of the complaint, "plaintiff's cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, 'its resolution must necessarily turn on a substantial question of federal law.'" *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (quoting *Rice v. Office of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001)).

"Generally, the plaintiff is the master of his complaint, and if he files in a state court pleading only state-law causes of action, the case is not removable to federal court based on federal question jurisdiction." *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011); *see also Caterpillar*, 482 U.S. at 392 (noting that the well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law").  However, "the removal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if the plaintiff has couched his pleading exclusively in terms of state law. The reviewing court looks to the substance of the complaint, not the labels used in it." *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980), *cert. denied*, 450 U.S. 949 (1981) (citation omitted).  A plaintiff's failure to make specific reference in the complaint to a source of federal law that is necessarily applicable will not prevent removal.  14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3722 (Rev. 4th ed.).

### IV. Analysis

Defendants attempt to frame the complaint as being brought under 42 U.S.C. § 2000cc, the First Amendment, and the Civil Rights Act of 1964. They argue in their Notice of Removal (ECF No. 1) that Plaintiff claims Defendants served food not in compliance with his approved kosher diet and therefore alleges violations of 42 U.S.C. § 2000cc (the Religious Land Use and Institutionalized Persons Act) and the First Amendment. Actually, Plaintiff states Defendants "did knowingly with intent to deceive, deprive, and misinform the Plaintiff . . . serve a Certified Religious Diet" when Plaintiff claims it was not in fact kosher. Rather than a civil rights claim, Plaintiff seems to be attempting to make a fraud or misrepresentation claim, or perhaps a consumer protection act violation, which would be state law causes of action. *See Ellibee v. Aramark Correctional Services, Inc.*, 154 P.3d 39 (Kan. App. 2007) (prisoner sued prison meal supplier for deceptive acts under Kansas Consumer Protection Act, alleging meals represented as kosher were not kosher).

Defendants next argue Plaintiff alleges violation of the Civil Rights Act of 1964 because he claims racial discrimination. But a racial (or religious) discrimination claim can be brought solely under state law (the Kansas Act Against Discrimination, K.S.A. 44–1001 *et seq.*).

Plaintiff does not mention any federal statute, the United States Constitution, or any constitutional right. In cases with similar facts, courts have found remand is appropriate. *See, e.g.*, *Cevallos v. Silva*, 541 F. App'x 390, 392 (5th Cir. 2013) (finding that allegations asserting "violation of [plaintiff's] civil and constitutional rights" by defendants acting "under color of law" were "too ambiguous to establish federal question jurisdiction"); *Broaden v. City of Montgomery*, No. 2:14-CV-234-WKW, 2014 WL 1572586, at *1 (M.D. Ala. Apr. 17, 2014) (granting motion to remand where complaint brought state law claims and made "no reference . . . to § 1983 or any

4

other federal statute, and there is no mention of the Fourth Amendment or any other federal constitutional provision"); *LaBarbera v. Arizona*, No. CV12-1740-PHX-DGC, 2012 WL 5328653, at *2 (D. Ariz. Oct. 29, 2012) (remanding case where "Plaintiff's Complaint does not refer to § 1983 or federal law" but raises civil rights claim under Arizona law); *Shockley v. City of Waurika*, No. CIV-10-517-D, 2010 WL 3081528, at *3 (W.D. Okla. Aug. 6, 2010) (remanding case to state court where plaintiffs alleged that officer's conduct violated "the constitution and state law" but did not "expressly cite a federal constitutional provision"); *Turner v. Rodriguez*, No. 108CV00789OWWSMSPC, 2008 WL 5046054, at *2 (E.D. Cal. Nov. 21, 2008), *report and recommendation adopted*, No. 1:08CV789-IEG(CAB), 2009 WL 33419 (E.D. Cal. Jan. 5, 2009) (finding remand required where plaintiff did not "specifically refer to the Constitution, Section 1983, federal civil rights, the Eighth Amendment, or any other federal law" despite use of language reciting some elements of federal constitutional claim); *Pigott v. Ostulano*, No. CIVA 2;07CV90, 2007 WL 1448718, at *3 (E.D. Va. May 9, 2007) (remanding where "the complaint never cites § 1983 or any other federal statute or constitutional provision" despite use of phrase "under color of state law" ); *cf. Smith v. City of Wichita, Kansas*, No. 17-1114-JTM, 2017 WL 3437664, at *2 (D. Kan. Aug. 10, 2017) (finding removal proper where "Plaintiff's petition refer[red] to violations of the United States Constitution—as opposed to 'constitution' or 'Kansas constitution'"); *Folkers v. Drill*, No. 2:14-CV-02429-DDC, 2014 WL 6895644, at *2 (D. Kan. Dec. 5, 2014) (finding removal proper where plaintiff cited the United States Constitution in the complaint).

Moreover, Defendants' argue in their motion to dismiss that they are not liable under federal civil rights law because they are not state actors. It seems inequitable to force Plaintiff's allegations into a cause of action he did not mention in his complaint just to turn around and dismiss his complaint for failure to state a claim under that cause of action.

Title 28 U.S.C. § 1447(c) requires a federal district court to remand an action removed from state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction ...." 28 U.S.C. § 1447(c); *see also L.H. Energy, Inc. v. Kan. Gas Serv. Co.*, No. 02-4074-JAR, 2002 WL 31477708, at *1 (D. Kan. Nov. 1, 2002) (noting that the court is required to remand where it lacks subject matter jurisdiction). Because there is no federal question on the face of Plaintiff's complaint and because it does not necessarily turn on a substantial question of federal law, *see Rice*, 260 F.3d at 1245, the Court lacks jurisdiction over this case.

## V. Conclusion

Because the Court lacks subject matter jurisdiction over this action, it is remanded to the District Court of Shawnee County, Kansas.

**IT IS THEREFORE ORDERED** that this case is remanded to the 3rd Judicial District Court, Shawnee County, Kansas.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 9), Plaintiff's Motion to Amend Complaint (ECF No. 18), and Defendants' Motion for Extension of Time (ECF No. 20) are **denied** as moot.

**IT IS SO ORDERED.**

DATED: This 25th day of September, 2020, at Topeka, Kansas.

        **s/ Sam A. Crow**
        **SAM A. CROW**
        **U.S. Senior District Judge**